MOISE, Justice.
 

 The plaintiff in this action is seeking to recover the amount paid by him for the damages sustained by the tug Maude Wil-mot in an accident on April 28, 1947.
 

 
 *1073
 
 The record shows that on April 5, 1947, the plaintiff entered into a written agreement with the defendant to purchase the tug Maude Wilmot on or before April 15, 1947, for the price of $35,000, under the terms therein set forth. Immediate use of the tug on the confection of this agreement was granted by the defendant to the plaintiff and plaintiff agreed to procure from its own underwriter a binder of hull insurance to insure against any possible contingent liability on its part prior to its taking title to the tug and to insure the tug in its favor as owner thereafter. The defendant’s insurance policies covering the tug were then in the possession of the CIT Corporation, which corporation held an outstanding mortgage on the tug. On April 28, 1947, while the tug was being operated under the use agreement by the plaintiff and before title had passed to plaintiff, it ran aground in the Mississippi River near the 709 MAHP and sustained the damages herein sued upon. The defendant, after being informed of the accident, made an investigation and the insurance company was notified thereof. The sale of the tug — which was to be free of all encumbrances — was not ■completed until May 6, 1947, because the •outstanding mortgage of the CIT Corporation had not been satisfied until that date. On May 6, 1947, the day the title passed, plaintiff executed a memorandum agree-
 

 i ment in blank (because the amount of damages sustained by the tug had not been ■definitely ascertained) and in this agreement plaintiff agreed to advance the necessary funds for the repair of the tug and this loan was to be repaid to plaintiff by the defendant to the extent of any net recovery which defendant might effect from his insurance coverage of the tug with the Rhode Island Insurance Company, or from any person or persons on account of the damage to the tug. The defendant pledged the recovery and agreed to press a claim against the insurance company and to bring suit against the company or any other person or persons, at the expense and under the exclusive direction and control of the plaintiff, his assignees and agents. Under this memorandum agreement, the plaintiff also agreed to pay to the defendant out of the proceeds of the insurance collected the sum of $300, representing the approximate pro rata premium on defendant’s insurance policies from April 5th to May 6th, 1947. On June 7, 1947, the defendant, through one of his employees, Peer, by letter notified the insurance company, upon the instructions of “Captain George” to cancel the insurance on the tug retroactively to April 15, 1947, and to return the unearned premium on the policy. The insurance company cancelled the policies retroactively to April 15, 1947, and defendant was given credit for the unearned premium. Upon learning of this cancellation, the plaintiff made amicable demand upon defendant to pay the cost of repairs to the tug, but without avail. This suit followed.
 

 The defendant filed exceptions of prematurity and of no right or cause of action,
 
 *1075
 
 which were overruled, and then, the defendant filed his answer. A rule was taken by the plaintiff for judgment on the face of the papers, which was likewise overruled. After due hearing, judgment was rendered in favor of the plaintiff and the defendant now prosecutes this appeal. Plaintiff has answered the appeal asking that the judgment of the district court be increased to $3,810.59.
 

 The defendant contends that the plaintiff has no legal right for recovery and that there is a legal bar thereto. He admits the cancellation of the insurance policies in question but avers that said cancellation was through error and inadvertence.
 

 It is to be noted that after the filing of this suit in the district court, the defendant brought an action in the Federal Court against his insurance company on the policies in question for a declaratory judgment. In this case, the learned judge of the Federal Court in deciding adversely to the defendant herein, answered the question as to whether this insurance'was cancelled in error or through inadvertence thusly: “It seems very unlikely that the letter of Peer, employee of plaintiff (Geiorge W. Whiteman), dated June 7, 1947, notifying defendant to cancel the policy in question, retroactively to April 15, 1947, was written through error and inadvertence. The latter by its terms, discloses that it was written on instructions of the plaintiff (George W. Whiteman), and it is clear that at the time it was written, the plaintiff was fully aware of the terms of the sale and transfer of the tug Maud Wilmot, and of the accident in which the tug had been involved.” Whiteman v. Rhode Island Ins. Co., D.C., 78 F.Supp. 624, at page 626.
 

 When the plaintiff obtained the immediate use of the tug, the defendant had an insurance policy thereon in force. The sale-could not, at that time, be passed because of’ an outstanding mortgage on the property1 and the defendant, in order to protect himself in the ownership o'f the tug, as well1 as his mortgage creditor, and to keep good' faith with the plaintiff in this suit, was obligated to notify the insurance company of the change in management and to secure its-consent thereto. Had this been done and' the policy not cancelled retroactively, the plaintiff would have had his day in court and, if he had recovered the damages under the terms of the agreement, he would have had to reimburse the defendant the sum of $300, the approximate payment of the pro rata premium from April 5 to h£py 6, 1947.
 

 With great ingenuity defendant’s counsel has argued on the facts as applied to the law and has submitted an abundance of authorities for his conception as to the facts -and as to the law. The presentation as made not only offends the equitable provision of the law that no man can avail himself of a condition which he is instrumental in producing, but is objectionable because
 
 *1077
 
 a litigant’s fault in a damage suit is the •condition precedent for a determination of liability.
 

 The defendant could not grant to the plaintiff any greater right in the policy contract than that which he himself had. The policy provisions contain a deductible ■clause of $1,000 in the amount of damages .sustained.
 

 Since it was through the conduct of the defendant that the insurance company ■escaped liability because of the cancellation retroactively of defendant’s policy contract, we must consider the subject matter as if the policy was in full force and effect.
 

 The record does not disclose the character of the damages or extent of the ■damage, nor what part of the tug was damaged and for us to make a proper determination of this litigation, in order to ascertain if the policy contract insured the perils and the loss which are now being ■claimed in the interest of justice, this case should be remanded to the district court for further proceedings according to law and consistent with the views herein expressed.
 

 For these reasons the judgment appealed from is reversed and set aside and the case is remanded for further proceedings according to law and consistent with the views herein expressed. Each litigant shall pay one-half of the costs of this appeal. All other costs shall await the final determination of the litigation.
 

 O’NIELL, C. J., takes no part.